**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GLOBAL RISK INTERMEDIARY, LLC                                          PLAINTIFF

v.                                        No. 4:13CV00133 JLH

AETNA GLOBAL BENEFITS LIMITED;
AETNA LIFE INSURANCE COMPANY; and
AETNA LIFE & CASUALTY (BERMUDA), LTD.                                 DEFENDANTS

## ORDER

The parties have filed cross-motions for partial summary judgment on the issue of whether

Aetna Life Insurance Company is responsible under the parties' Broker Authorization Agreement for

payments to Global Risk Intermediary, LLC, on a reinsurance contract issued by Service Employees

International, Inc., after Aetna terminated the Service Employees International policy.  A court should

enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party,

demonstrates that there is no genuine dispute as to any material fact and that the moving party is

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of*

*Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact exists

only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party.

*Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The Broker Authorization Agreement provides, in pertinent part:

> Payments for Global Risk Intermediary services are the responsibility of the
> Reinsurer(s) that the program is ultimately place [sic] with.  Global Risk Intermediary
> will be paid for the accounts until the natural expiration date of the account(s)
> reinsured or unless the account is terminated with Aetna.

Document #20 at 2.  The Broker Authorization Agreement also provides:

> This agreement can be terminated by either party with 60 day notice of cancellation in writing.  Global Risk Intermediary has the right to brokerage for the accounts that have reinsurance placed and to be fully compensated for all commissions/brokerage due until the underlying account reinsurance if this agreement is terminated or the reinsurance portfolio is transferred.

*Id*. at 3.

Global Risk contends that these provisions from the Broker Authorization Agreement unambiguously obligate Aetna to pay Global Risk for its services until the natural expiration of the reinsurance program.  By contrast, Aetna contends that these provisions unambiguously provide that payment to Global Risk for its services are the responsibility of the insurer with which the program is placed.

The parties disagree as to whether Arkansas law or Connecticut law governs, but both agree that Arkansas law and Connecticut law are in accord on the principles that govern the current dispute. As another judge of this Court has explained:

> Under Arkansas law, whether a contract is ambiguous is a matter of law for the court to decide.  A contract is unambiguous and its construction and legal affect are questions of law when its terms are not susceptible to more than one equally reasonable construction.  "In determining whether a contract is ambiguous, the court begins with its plain language, construed in harmony with the plain and generally accepted meaning of the words used, with reference to all of the agreement's provisions."

*B & B Hardware, Inc. v. Fastenal Co.*, No. 4:10CV00317-BRW, 2011 WL 825712, at *2 (E.D. Ark. March 3, 2011) (quoting 11 Williston on Contracts § 30:5 (4th ed.)) (footnotes omitted)).  *Cf. O'Connor v. City of Waterbury*, 286 Conn. 732, 743-44, 945 A.2d 936, 946 (2008).  Both Arkansas and Connecticut follow the parol evidence rule, which provides that extrinsic evidence cannot be used to vary or contradict the terms of the contract but may be admissible to explain an ambiguity in the

contract.  *Alstom Power, Inc. v. Balcke-Durr, Inc.*, 269 Conn. 599, 609-10, 849 A.2d 804, 811 (2004); *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 232, 33 S.W.3d 128, 134 (2000).

Here, the terms of the contract appear to be contradictory.  On the one hand, the Broker Authorization Agreement explicitly states that payments for Global Risk's services are the responsibility of the reinsurer with which the program is placed.  On the other hand, the agreement includes provisions governing Global Risk's entitlement to be compensated.  If Aetna had no responsibility to compensate Global Risk, these latter provisions would be meaningless.  That they are included in the contract between Global Risk and Aetna suggests that Aetna has an obligation to compensate Global Risk for its services.

In short, the Broker Authorization Agreement is ambiguous and resolving that ambiguity may require parol evidence regarding the interpretation that the parties placed on the contract at the time it was entered into, as well as evidence of the course of dealing between the parties during the duration of the contract term.  No such extrinsic evidence is before the Court.  Therefore, both motions for partial summary judgment are DENIED.  Documents #11 and #18.

IT IS SO ORDERED this 12th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE