IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLOBAL RISK INTERMEDIARY, LLC                                    PLAINTIFF

Case No. 4:13cv0133

AETNA GLOBAL BENEFITS LIMITED;                                   DEFENDANT
AETNA LIFE INSURANCE COMPANY;
AETNA LIFE & CASUALTY (BERMUDA), LTD.

AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

The parties hereto have acknowledged that during the course of this action certain matters may be produced which are or may raise issues related to rights of privacy, trade secrets or confidentiality. The parties are desirous that a protective order be entered by the Court and that it shall govern all confidential information from inappropriate disclosure, and have therefore stipulated that this protective order may be entered by the Court and that it shall govern all confidential information produced in these proceedings. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   Definition of Confidential Information

"Confidential Information" as used herein means that documentation and information produced by any party which relates to the financial information of any party or proprietary information produced herein which is designated as "confidential" by the party supplying said information, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this litigation.

When designating information as "confidential" a party will make such designation only as to that information that in good faith that party believes confidential information.

2.   Designation of Confidential Information:

All "confidential information" disclosed herein is hereby deemed confidential between the parties and shall not be disclosed except as hereinafter set forth.

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, each thing or portion thereof, and each answer to request for admission or portion thereof, which in good faith deemed by counsel for a party to disclose confidential information of that party, shall be so identified and marked. "CONFIDENTIAL" by that party's counsel. Such identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served on the requesting party; (b) in the case of another document, when a copy of the document is provided to another party. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used only in accordance with such designation under this Protective Order.

3. <u>Treatment of Confidential Information and Persons Entitled to Access</u>.

Until and unless the Court rules that any information, document or thing designated as Confidential is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying, and dissemination of such information, documents and things shall be limited to the following persons:

(A) Attorneys of record in this litigation and staff and supporting counsel of such attorneys who are working directly on this litigation under the direction of such attorneys and to

whom the materials are disclosed for purposes of this litigation as well as the named parties to this case;

 (B) Inside counsel of a party working directly on the litigation, including staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the material be shown for purposes of this litigation.

 (C) Party's representatives and potential witnesses.

 (D) The Court, stenographers, court clerks, and other court personnel employed by the court; and

 (E) Any expert utilized by the parties: said expert shall be provided a copy of this order and be further made aware of this order and the fact the documents produced are confidential information.

 4. <u>Restrictions on Use and Dissemination of Designated Information</u>.

All information produced by a party in the course of this litigation and designated as CONFIDENTIAL pursuant to this Protective Order shall be used by the receiving party solely for the purpose of this litigation. Any person receiving information designated as CONFIDENTIAL pursuant to the provisions of this Protective Order shall be advised of this Protective Order.

 5. <u>Certain Information Not Subject to Scope of Order</u>.

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information.

The burden of proving that information falls within the scope of one or more of the exceptions provided for in this paragraph shall fall on the receiving party.

6. Exceptions by Order or by Agreement by Parties.

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders such disclosure.

7. Inadvertent or Unintentional Disclosure.

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

8. Challenges to Designations.

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that either party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the

objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

9. Documents under Seal.

In the event any documents or pleadings are filed with the clerk's office, which contain confidential information, the same shall be filed by the party so filing and marked as "CONFIDENTIAL." The clerk shall accept such information for electronic filing, under seal, pursuant to the protocol utilized for the ECF System in this District. The parties are directed to only file such documents under seal as are absolutely necessary herein.

10. Filing of Briefs or Affidavits Containing Confidential Information.

In the event that a party wishes to use any information designated under this Protective Order in any affidavit, brief, memorandum of law, or other paper filed with the Court in this litigation, such information used therein shall be filed under seal and maintained under seal by the Court as provided in Paragraph 9. Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the Court responsible for the litigation.

11. Modification of Protective Order.

A party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to modification of this Protective Order. The parties may, by written stipulation, provide for exceptions to this Order.

12. Return or Destruction of Confidential Information.

Within thirty (30) days after the final conclusion of this litigation, including all appeals, all originals and reproductions of any documents produced and designated under this Protective Order by a party shall be returned to the producing party except to the extent that there may have

been entered thereon any information which constitutes the receive party's work product in which event such documents shall be destroyed by the receiving party. Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and litigation exhibits, and product after final conclusion of this litigation.

13. Continuing Effect.

Insofar as the provisions of this Protective Order entered in this action restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Protective Order.

14. Advice to Client Based on Confidential Information.

Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's or parties' examination of designated information.

15. Discovery Objections, Claim of Privilege.

It is the intention of this Protective Order to deal with discovery objections to produce, answer, or respond to the same on grounds of proprietary information, trade secret information or otherwise, and it is agreed by the parties that any party hereto may seek further relief from this order or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

16. Inadvertent Disclosure.

The inadvertent or unintentional disclosure or production of any document or information designated under this Protective Order shall be without prejudice to any claim that the material is

privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production.

17. <u>Examination of Witnesses Regarding Confidential Information</u>.

Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition in this litigation and his counsel of record may be shown, and questioned, concerning any document of which he is alleged or claims to be the author of a recipient or of which he is alleged to have knowledge. Nothing in this Order shall preclude a certified reporter retained to transcribe depositions or litigation proceedings in this litigation from access to designated materials during litigation proceedings or depositions in this litigation.

18. <u>Treatment of Confidential Information Produced by Third Parties</u>.

If in the course of this action discovery is sought from third parties which would require such parties to disclose and/or produce CONFIDENTIAL information, such third parties may gain the protection of this Protective Order by notifying counsel for the parties to this case, in writing, that such third parties agree to be bound by this Order and will produce documents or information pursuant to this Order, and by designating information as CONFIDENTIAL by the procedures prescribed in this Order. No further order of this Court shall be necessary to extend the protection of this Order to third parties.

SIGNED this 10th day of April, 2014.

*J. Leon Holmes*
Honorable J. Leon Holmes

Respectfully submitted,

CATLETT LAW FIRM, PLC
*Attorneys for Global Risk Intermediary, LLC.*


By: /s/ Christian C. Michaels
    Christian C. Michaels, ABA 98-013
    cmichaels@catlaw.com
    323 Center Street, 18th Floor
    Little Rock, AR  72201
    (501) 372-2121

PERKINS & TROTTER, PLLC
*Attorneys for Aetna*

By: /s/ G. Alan Perkins
    G. Alan Perkins, ABA 91115
    P.O. Box 25168
    Little Rock, AR 72225-1618
    Phone: (501) 603-9000
    Facsimile: (501) 603-0556
    aperkins@perkinstrotter.com

    -and-

ANDREWS KURTH LLP
*Attorneys for Aetna*


By: /s/ John B. Shely
    John B. Shely, TX Bar # 18215300
    jshely@andrewskurth.com
    600 Travis, Suite 4200
    Houston, TX 77002
    Telephone: (713) 220-4200
    Telecopier: (713 220-4285

    -and-

By: /s/ Courtney B. Glaser
    Courtney B. Glaser, TX Bar # 24059824
    cglaser@andrewskurth.com